UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ZAFARAH I. BEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 18-2141 (ABJ) |
| SHANIA FENNELL *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, filed a lawsuit in the Superior Court of the District of Columbia against two employees of the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"). She accuses defendants of "false accusations, false arrest, invasion of privacy, malicious interference, abuse of process, assault and battery and deceit." Complaint [Dkt. 1-1]. Since CSOSA is a federal entity, *see* D.C. Code § 24-133(a), defendants removed the case to this court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.[1] *See* Not. of Removal [Dkt. #1]. Shortly after, on September 21, 2018, the Chief of the Civil Division of the United States Attorney for the District of Columbia certified that the named defendants "were acting within the scope of their employment as employees of the United States at the time of the alleged incidents." Certification [Dkt. # 3-2 at 21]. Accordingly, this action is "deemed to be . . . brought against the

---

[1]	Section 1442(a)(1) states in relevant part: "A civil action . . . that is commenced in a State court and that is against or directed to [the United States, its agencies, and officers or employees] may be removed by them to the district court . . . embracing the place wherein it is pending[.]" Section 1446 permits removal by "a defendant or defendants[.]"

United States . . . and the United States [is] substituted as the party defendant." 28 U.S.C. § 2679(d)(2).

Pending is Defendant's Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for failure to state a claim under Rule 12(b)(6). *See* Mem. of P. & A. in Support of Def.'s Mot. to Dismiss ("Mem.") at 2. On September 25, 2018, plaintiff was ordered to respond to defendant's motion by October 31, 2018, and warned of the possible consequence of dismissal if the motion was not opposed. Plaintiff has neither filed an opposition nor requested additional time to file. So, the court will resolve the motion without plaintiff's input.

Defendant asserts, among other grounds for dismissal, that plaintiff has failed to exhaust her administrative remedies. *See* Mem. at 5-6. Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA waives the United States' immunity from suit for certain torts. *See* 28 U.S.C. § 2680. Before bringing suit, however, a plaintiff must first exhaust administrative remedies by presenting her claim in writing "to the appropriate Federal agency" and either obtaining a final denial of the claim or waiting six months without a final action. 28 U.S.C. §§ 2401(b), 2675(a).

An administrative exhaustion requirement can be jurisdictional or it can be non-jurisdictional. *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). Non-jurisdictional exhaustion refers to "a judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court." *Id*. With jurisdictional exhaustion, "Congress requires [the plaintiff to] resort to the administrative process as a predicate to judicial review." *Id*. There is a presumption that

exhaustion is non-jurisdictional "unless 'Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision.'" *Id.* at 1248, quoting *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, 727 F.2d 1204, 1208 (D.C. Cir. 1984). But where "Congress requires resort to the administrative process as a predicate to judicial review . . . a court cannot excuse it." *Veneman*, 370 F.3d at 1247.

The D.C. Circuit has "treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional." *Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997); *see accord Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011) ("[W]e view the failure to exhaust administrative remedies [under the FTCA] as jurisdictional.") (citation and internal quotation marks omitted; alteration in original)). This Court must follow suit.

Plaintiff has not disputed that she failed to present a tort claim to CSOSA for the alleged misconduct. *See* Decl. of Marigold Henderson [Dkt. # 3-2 at 18-19]. Therefore, the Court lacks the power to hear the claim against the United States at this time, and "[w]ith the case in this posture, the court [can] no more rule in favor of the government than against it." *Simpkins*, 108 F.3d at 371. Accordingly, this case will be dismissed. An order will issue separately.

/s/ Amy B Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: December 21, 2018